ON APPLICATION FOR REHEARING
Contemporaneously with the filing of appellant’s application for rehearing, his counsel has filed a motion.
Rule 39(k) of the Rules of Appellate Procedure adopted by the Alabama Supreme Court. We grant appellant’s motion and comply with the terms thereof by adding the following to the Court’s opinion:
“After the close of the testimony from Mrs. Marietta Prevo, the evidence technician, the trial judge reserved his ruling on whether to admit into evidence State’s Exhibit Two. (R. 81). The next morning the following transpired:
“At page 83,
“MR. WILKINSON: For the record, yesterday we had submitted State’s Exhibits One and Two for identification.
“THE COURT: Yes.
“MR. WILKINSON: Some question as to whether they were admissible or not in the court’s mind.
“THE COURT: Number Two.
“MR. WILKINSON: Number Two. We will re-offer Number Two, just adopt our argument from yesterday.
[[Image here]]
“At page 84,
“THE COURT: I have seen them come in the cases I have read under a business records rationale or on a chain rationale or if you had this gentleman come down and say that this is his signature and this is what we normally do and this is the form we use. I would let it in.
“MR. WILKINSON: We will do it under a business rationale.
“The only witnesses to testify about the fingerprint cards after the State had made its statement about pursuing admission under the business rationale exception, were Officer Strunk and Deputy Barnard Mays. (R. 84-137). Officer Strunk did not take the prints from Mr. Thomas himself, nor did he see the person who took the prints. (R. 50) and (R. 102). Deputy Mays works in the fingerprint department of the County Jail on the seventh floor of the County Courthouse.
“On cross-examination Deputy Mays testified that he did not specifically remember seeing the above-mentioned cards. (R. 127). The witness also stated that any known fingerprint cards would no longer be under his custody and control once they were sent to the Fairfield Office (R. 128). He stated the cards only remained at the jail for one day then they are sent to the Fairfield Office. (R. 128). The witness further testified that he was not certain that he was in fact working at the jail on the day the known finger *851 prints were taken. (R. 130). The State then made a proffer of State’s Exhibit No. Two. The defendant objected that this evidence would not qualify under the business exception to the hearsay rule. The court overruled the objection, and State’s Exhibit No. Two was admitted in evidence. (R. 135). The State then rested its case (R. 136).
“On the initial day of time appellant filed a written Motion to Suppress the line-up identification of Appellant made by the victim Denise Daniel and Richard Madison on the grounds that the ‘line-up was conducted unlawfully by the officers in the instant case in violation of the Defendant’s rights under the Fifth, Fourth and Fourteenth Amendments to the Constitution of the United States (R. 177). In said motion appellant went on to pray ‘further to quash any in-court identification of the Defendant by the witnesses as the perpetrator of this case.’ (R. 177).”
In the brief of counsel for appellant in support of the application for rehearing is the following “STATEMENT OF THE ISSUES PRESENTED FOR REVIEW.”
“I. WHETHER APPELLANT’S PRETRIAL MOTION TO SUPPRESS, HIS MOTION AT THE CLOSE OF THE STATE’S CASE AND HIS MOTION FOR A NEW TRIAL WERE SUFFICIENT TO PRESERVE FOR REVIEW ISSUES I AND II OF HIS ORIGINAL BRIEF RAISED ON APPEAL REGARDING THE IN-COURT IDENTIFICATION OF APPELLANT.
“II. WHETHER IT WAS REVERSIBLE ERROR FOR THE TRIAL [COURT] TO ADMIT INTO EVIDENCE KNOWN FINGERPRINT CARDS UNDER THE BUSINESS RECORDS EXCEPTION TO HEARSAY OVER OBJECTION OF IMPROPER PREDICATE.”
It is to be noted from the above quotation of the issues presented for review in appellant’s application for rehearing that appellant’s Issue II is precisely the same as appellant’s Issue III and that appellant’s Issue I in support of his application for rehearing consists of a combination of Issues I and II of appellant’s brief in this Court on original submission. The positions taken by counsel for appellant in appellant’s brief in support of application for rehearing are substantially the same as some of the positions taken by appellant in the brief of appellant on original submission. We adhere to what was stated by us in our opinion on original submission. Therefore, the application for rehearing should be overruled.
OPINION EXTENDED; RULE 39(k) MOTION GRANTED; APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.